**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZURICH INSURANCE PLC a/s/o Leo Schachter  Diamonds LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>SAM MILLER and ALLEN MILLER (Dismissed),<br><br>　　　　　　　　　Defendants. | Civil Action No.:<br>2:26-cv-01182-JKS-CF<br><br>**Certification in Support of Plaintiff's Request to Clerk for Entry of Default Against Defendant Sam Miller** |

I, Shan Chen, an attorney duly admitted to practice before this Court, hereby certify as follows:

1.　This certification is made in support of the plaintiff's request for the clerk's entry of default judgment against the defendant Sam Miller in this action pursuant to FRCP 55(b)(1).

2.　I am the attorney for the plaintiff and I have personal knowledge of the following facts.

**The Purpose of This Action is to Domesticate a New York State Judgment**

3.　On March 30, 2023, the plaintiff herein obtained a judgment from the Supreme Court of the State of New York for the County of New York on claims of breach of bailment contract, negligence, and negligent hiring, training, and supervision, against defendant Sam Miller, in the amount of $540,438.11 (See **Exhibit A**, Judgment).

4.　This action was commenced by the filing of a complaint on February 5, 2026. (ECF 1.)

1

5.    This is an action to domesticate in New Jersey a New York judgment entered by the Supreme Court of the State of New York, for the County of New York, against Sam Miller. The judgment, which was attached (ECF 1-1) to the complaint (ECF 1), is attached hereto as **Exhibit A**.

6.    The New York judgment is entitled to full faith and credit, under Article IV, Section 1, of the U.S. Constitution, and thus this Court, sitting in diversity, is obligated to apply the law as would a New Jersey court (*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)), which in this case would have to apply the Full Faith and Credit Clause of the Constitution, and grant judgment against defendant Sam Miller.

**The Plaintiff Served Sam Miller Twice, and He Has Ignored This Action**

7.    A summons was issued on February 25, 2026. (ECF 6.)

8.    Plaintiff filed a notice of voluntary discontinuance of this action as against defendant Allen Miller on April 9, 2026. (ECF 9.) Allen Miller was ordered dismissed on April 10, 2026. (ECF 10.) This action now proceeds solely against defendant Sam Miller.

9.    Defendant Sam Miller was served with the summons, complaint, exhibit to the complaint, civil cover sheet, and corporate and diversity disclosure statements, on Monday March 2, 2026, by personal service upon someone of suitable age and discretion residing at his dwelling or usual place of abode, this being sufficient service under F.R.C.P. 4(e)(2)(B), as shown by the proof of service that was filed with this Court on March 30, 2026. (ECF 8.)

10.    Service had also been attempted unsuccessfully at an alternate address.

11.    Defendant Sam Miller did not file an answer to the complaint, or file a motion to dismiss, or otherwise appear, within twenty-one days thereafter, this being the amount of time given to him for an appearance by the court-issued summons. (ECF 6.)

12. Defendant Sam Miller himself was personally served at the same address as the prior service, with the same papers except for an updated summons that had its address information amended, on Tuesday April 7, 2026, as shown by the proof of service that was filed with this Court on May 5, 2026. (ECF 11.)

13. Defendant Sam Miller did not file an answer to the complaint, or file a motion to dismiss, or otherwise appear, within twenty-one days thereafter, this being the amount of time given to him for an appearance by the court-issued summons. (ECF 6.)

14. Sam Miller has thus ignored this action despite being served twice, including by personal service directly upon himself.

15. Plaintiff's counsel has also communicated directly with counsel for the other defendant, Allen Miller, after this action was commenced. Allen Miller requested to be dismissed due to his prior Chapter 7 bankruptcy.

16. To the best of plaintiff's counsel's knowledge, Sam Miller did not file for bankruptcy.

**The Clerk Entered Default Against Sam Miller**

17. On May 5, 2025, the plaintiff requested that the clerk enter default against Sam Miller per FRCP 55(a). (ECF 12.)

18. Plaintiff's counsel mailed by certified mail a copy of its papers requesting default, to Sam Miller at the address where he had been served, with tracking number 9589071052702546955490.

19. On May 9, 2026, an individual picked up the mailed papers from the post office in East Hanover, New Jersey. See **Exhibit B** (Certified Mail Tracker).

20.     The clerk entered default against Sam Miller on May 6, 2026. (No ECF number; after ECF 12.)

21.     The plaintiff is now seeking default judgment against Sam Miller.

22.     To the best of my knowledge, Sam Miller is neither a minor nor an incompetent, nor in the military service of the United States.

**The Debt Asserted is a Sum Certain, and the Costs and Disbursements are Sums Certain, and Statutory Interest is Requested**

23.     The debt asserted against Sam Miller is a sum certain of **$540,438.11**, as stated by the New York judgment to be domesticated.

24.     The underlying action does not arise out of consumer debt.

25.     Under the law of New York (CPLR § 5004), the plaintiff is entitled to 9% post-judgment interest on the New York judgment. That statute provides as follows: CPLR § 5004. Rate of interest. (a) Interest shall be at the rate of nine per centum per annum, except where otherwise provided by statute; provided the annual rate of interest to be paid in an action arising out of a consumer debt where a natural person is a defendant shall be two per centum per annum (i) on a judgment or accrued claim for judgments entered on or after the effective date of the chapter of the laws of two thousand twenty-one which amended this section, and (ii) for interest upon a judgment pursuant to section five thousand three of this article from the date of the entry of judgment on any part of a judgment entered before the effective date of the chapter of the laws of two thousand twenty-one which amended this section that is unpaid as of such effective date.

26.     Accordingly, it is respectfully requested that the judgment to be entered herein includes post-judgment interest at the rate of 9%, as measured from the date of entry of the New York judgment, or such other rate as is deemed reasonable by the court.

4

27. Plaintiff also respectfully requests that costs and disbursements made in the present action be added to the judgment as domesticated in New Jersey: costs of $405 for commencing this action, and disbursements of $435 for three attempts at service of process, on Sam Miller, two to 6 Millie Lane and another to another address (See **Exhibit C**, Disbursements for Service of Process), which disbursements were reasonably incurred in service of process, or such lesser number as is deemed reasonable by the Court.

**WHEREFORE**, the plaintiff herein respectfully requests that this Court grant judgment in the following amounts:

a. $540,438.11;

b. post-judgment interest thereon at the legal rate of 9%, or such other rate as is deemed reasonable by the Court, measured from March 30, 2023;

c. costs of $405 for the filing of the complaint herein; and

d. disbursements of $435 for three attempts at service of process to 6 Millie Lane and to another address (See **Exhibit C**, Disbursements for Service of Process), which were reasonably incurred in service of process, or such lesser number as is deemed reasonable by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 15, 2026.         MAZZOLA LINDSTROM, LLP

/s/ Shan (Jessica) Chen
Shan (Jessica) Chen
*Counsel for plaintiff*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(d) 646-416-6280
jessica@mazzolalindstrom.com